This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37883**

**GREGORY WHITE,**

Plaintiff-Appellant,

v.

**BOARD OF COUNTY COUNCILORS OF THE COUNTY OF LOS ALAMOS; HARRY BURGESS, in his official capacity as Los Alamos County Manager; DINO SGAMBELLONE, in his official capacity as Chief of Police of Los Alamos County; J. ALVIN LEAPHART and KATHRYN THWAITS, in their capacity as Los Alamos County Attorneys,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**Gregory S. Shaffer, District Judge**

Gregory C. White
Los Alamos, NM

Pro Se Appellant

Hartline Barger, LLP
Donald A. DeCandia
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}**      Gregory White, then a candidate for Sheriff of Los Alamos County, filed a pro se petition for injunction against the Los Alamos County Council (County Council), Manager, Chief of Police, and two County Attorneys (collectively, "Los Alamos County" or "the County"). White made three claims in the district court: (1) the County is illegally failing to provide sufficient budget and personnel necessary to allow the elected sheriff to perform the duties of the office; (2) the duties of the elected Sheriff of Los Alamos County are required by state statute to include the law enforcement and peacekeeping duties given to elected county sheriffs by state statutes; and (3) the County Council violated the Open Meetings Act, NMSA 1978, §§ 10-15-1 to -4 (1974, as amended through 2013), by illegally closing its July 26, 2017, meeting twice, and by voting for significant funding for hockey rink improvements at its August 8, 2017, meeting without having first placing the item on its agenda.

**{2}**      The district court ruled that White, a candidate for County Sheriff, lacked the individualized injury necessary for standing, and that White's petition regarding the duties and funding of the County Sheriff's Office was barred by res judicata. We agree with the district court that White's claims relating to the duties and funding of the County Sheriff's Office are barred by res judicata. We therefore affirm the district court's dismissal of those claims. As to the dismissal of White's Open Meetings Act claim, we agree with the district court that White failed to satisfy the statutory prerequisites necessary to perfect his Open Meetings Act claim, and, therefore, affirm the dismissal of that claim. Finally, we affirm the district court's denial of White's post-decision motion demanding production of authority by the court.

## BACKGROUND

**{3}**      Los Alamos County is an incorporated county pursuant to Article X, Section 5 of the New Mexico Constitution. Article X, Section 5 of the New Mexico Constitution provides that counties of the size and population of Los Alamos County are permitted to incorporate. To become an incorporated county, the voters in the County must adopt a county charter which "shall provide for the form and organization of the incorporated county government." N.M. Const. art. X, § 5. The County charter is required to "designate those officers which shall be elected, and those officers and employees which shall perform the duties assigned by law to county officers." *Id.*

**{4}**      In 1976, the Los Alamos County Charter (the County Charter) was amended by County voters to include Section 304.3. Los Alamos County, N.M., Code of Ordinances pt. 1, art. III, § 304.3 (1976) (recodified as Los Alamos County, N.M., Code of Ordinances pt. 1, art. III, § 304.4 (2014)). Section 304.4 approved the creation of a County police department charged with "conserving the peace and enforcing the laws of the State and the ordinances of the County." Section 304.4 prohibited the County Sheriff from duplicating those law enforcement functions assigned to the police department. Section 304.4 reads as follows:

> The Council shall establish as a department of the County, a Police Department to be charged with conserving the peace and enforcing the

laws of the State and the ordinances of the County. The Sheriff shall have those powers and duties assigned to sheriffs by state statutes, including the powers of a peace officer, but the Sheriff shall not duplicate or perform those duties in this Charter or by ordinance or resolution assigned or delegated to the County's Police Department.

**{5}** Shortly after the adoption of Section 304.3 (1976), the Los Alamos County Sheriff, Larry Vaughn, sued the County in district court challenging the removal of law enforcement and other duties and authority conferred on elected county sheriffs by statute. Sheriff Vaughn argued that Article X, Section 5 of the New Mexico Constitution required the County Charter to comply with state statutes assigning powers and duties to elected sheriffs in each county, including the statutes giving sheriffs the power to conserve the peace and enforce the laws. Sheriff Vaughn asked the court to hold that Section 304.4 of the County Charter unconstitutionally infringes on the statutory powers and authority of the Los Alamos County Sheriff.

**{6}** The district court entered its final judgment in *State ex rel. Vaughn v. Incorporated County of Los Alamos*, No. 3194 (Dist. Ct., May 28, 1976) on or about November 29, 1976. The court decided that Section 304.3 (1976) of the County Charter, assigning "all law enforcement duties involving the keeping of the peace" to the police department, conformed with both the New Mexico Constitution and state statutes. The district court concluded, as well, that "[a]ll other statutory and customary functions and duties of a sheriff remained with the [elected] Sheriff of Los Alamos County" and could not be removed except by a Charter provision approved by the voters of Los Alamos County. The district court cautioned the County Council that it could not indirectly, by means such as denying funding or staff, remove the remaining duties of the elected sheriff. Sheriff Vaughn appealed to this Court, but voluntarily dismissed the appeal prior to a decision.

**{7}** More than forty years after the decision in *Vaughn*, and about four months before White filed the petition for injunction at issue in this case, Los Alamos County Sheriff Marco Lucero filed district court case *Lucero v. Los Alamos County Council*, No. D-132-CV-2017-00099 (Dist. Ct., Aug. 29, 2017), seeking mandamus to compel the County Council to pass the necessary budget measures to adequately fund the sheriff's office to perform all duties delegated to it by statute. Sheriff Lucero claimed that Section 304.4 of the County Charter could not validly abridge statutory law enforcement duties. Los Alamos County responded by filing an action to enjoin Sheriff Lucero "from conserving the peace and enforcing the laws of the State and Ordinances of the County." *Incorporated County of Los Alamos v. Lucero*, D-132-CV-2017-00114 (Dist. Ct., Oct. 5, 2017). The two cases were consolidated for decision.

**{8}** White filed his petition on January 12, 2018, prior to the resolution of the consolidated *Lucero* cases. Representing in his complaint that he intended to run for county sheriff in the November 2018 election, White sought to enjoin the County from refusing to adequately fund and staff the sheriff's office. White claimed that the County's assignment of law enforcement duties to its police department violated longstanding

state statutes assigning peacekeeping duties to county sheriffs. White asked the district court to return full law enforcement functions to the county sheriff and require the County to provide adequate funding and personnel for the duties assigned to county sheriffs by state statute.

**{9}** The *Lucero* consolidated actions were resolved by final judgment on July 11, 2018. The district court reviewed the claims, the findings, and the conclusions in *Vaughn.* Holding that the decision in *Vaughn* was a final decision on the merits, that the parties to the pending case are in privity with the parties in *Vaughn,* that the subject matter and causes of action are the same, and that no substantive changes had been made in the interim to Section 304.4 of the County Charter, or to the duties of the police department or sheriff, the district court found that the claims were barred by res judicata. The district court enjoined Sheriff Lucero from engaging in law enforcement duties and estopped the County from eliminating the sheriff's office by failing to adequately fund or staff the office to allow the performance of all statutory and customary duties, apart from law enforcement duties concerning peacekeeping. Sheriff Lucero appealed to this Court, which affirmed the judgment of the district court. *Lucero v. Los Alamos Cnty. Council*, No. A-1-CA-37579, mem. op. (N.M. Ct. App. Feb. 26, 2019) (non-precedential), *cert. denied*, 2019-NMCERT-005, (No. S-1-SC-37612, May 1, 2019).

**{10}** The district court did not rule on the pending motion to dismiss in White's case until September 26, 2018, and did not enter a final judgment until November 15, 2018, well after the judgment in *Lucero* had been entered. The County filed a motion to dismiss White's petition, contending, among other claims, that White lacked standing to pursue his claims regarding the sheriff's office, and that his petition was barred by res judicata. Following a hearing, the district court dismissed White's claims regarding the sheriff's office and duties of the sheriff with prejudice, based on lack of standing and res judicata. The court dismissed White's Open Meetings Act claim for failure to plead the statutory prerequisites, giving White the opportunity to file an amended pleading within thirty days.

**{11}** After the district court announced its ruling, White filed a motion entitled "Motion to Produce," requesting the district court to produce legal authority and explain to him why the dismissal was "with prejudice." The district court denied the motion for lack of authority. When White failed to file an amended complaint within the thirty days allowed by the district court's decision, the court entered a final judgment dismissing all claims with prejudice. White appealed to this Court.

**DISCUSSION**

**I.     Mootness**

**{12}** We address first a preliminary matter raised by the County. The County argues that White's claims concerning the sheriff's office are moot. White lost the election for County Sheriff in 2018, and is neither the County Sheriff nor a candidate for that office. Although we generally do not consider issues that are moot, we have discretion to

review moot issues that are of substantial public interest or that are capable of repetition, yet evade review. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008. Because White may again become a candidate for county sheriff, and because an appeal from the district court if the issue is not raised until a campaign is underway is likely to again be moot by the time it is resolved by this Court, we find that these issues are capable of repetition, yet evade review. It is undisputed that White's Open Meetings Act claim is not moot and must be decided on appeal. We therefore proceed to consider the merits of White's appeal.

## II.　　Standing

**{13}**　　White asserts on appeal that the district court erred when it concluded that he lacked standing to challenge the County's restrictions on the duties and authority of the county sheriff. White claimed standing in the district court based on being a candidate for county sheriff. The County claims on appeal that a candidate for an office has no greater claim to standing than any other citizen or taxpayer. We disagree. We hold that White has alleged sufficient injury as a candidate for sheriff to satisfy New Mexico's standing requirements.

**{14}**　　New Mexico's "standing doctrine generally requires litigants to allege three elements: (1) they are directly injured as a result of the action they seek to challenge; (2) there is a causal relationship between the injury and the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." *ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶ 1, 144 N.M. 471, 188 P.3d 1222. The most significant factor is the requirement of a direct injury. "[T]hough New Mexico has always required allegations of direct injury to the complainant to confer standing, once the party seeking review alleges he himself is among the injured, the extent of injury can be very slight." *Id.* ¶ 11 (omission, internal quotation marks, and citation omitted).

**{15}**　　In this case, White argues that he could not run for an office that had "an ever changing job description and no staff or funds." He claims injury based on being required to make the decision to run for county sheriff without knowing "the duties and budget" of the office he is seeking. We agree that someone who must decide whether to run for office is injured by not being able to ascertain the duties or budget of the office before throwing his hat in the ring. White suffers injury, as well, because he cannot campaign by demonstrating his qualifications to perform the duties of the office. These injuries differ from those of an ordinary citizen or taxpayer; they are particularized to candidates for that office, and they, therefore, meet the New Mexico requirement of "very slight" injury particularized to an individual to establish standing. *See ACLU of N.M.*, 2008-NMSC-045, ¶ 11. There is no dispute on appeal that this injury is the result of the challenged conduct or that it would likely be redressed by a favorable decision. Therefore, White has met the requirements for standing. We reverse the district court's decision to the contrary.

## III.　　Res Judicata

**{16}** White sought to avoid the bar of res judicata by alleging that he was seeking to enforce New Mexico statutes, which govern the duties and authority of county sheriffs in New Mexico, rather than directly challenging the construction of Article 10, Section 5 of the New Mexico Constitution. White claims that the state statutes govern the County Charter provision limiting the sheriff's law enforcement duties, and that his argument is not inconsistent with the decision in *Vaughn* construing Article 10, Section 5 of the New Mexico Constitution to allow the County to transfer some of the sheriff's duties to the police department. White also cites provisions of the United States Constitution, which he claims are violated by home rule. Finally, White claims that amendments to the County Charter adopted in 2010 undermine the *Vaughn* decision and change the result. We conclude that White's allegations do not avoid the application of res judicata. We explain.

**{17}** Whether the elements of res judicata have been met is a legal question, which we review de novo. *Sandel v. Sandel*, 2020-NMCA-025, ¶ 17, 463 P.3d 510. "Res judicata prevents a party or its privies from repeatedly suing another for the same cause of action." *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 2, 139 N.M. 637, 137 P.3d 577. Importantly, "[r]es judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." *Kirby v. Guardian Life Ins. Co. of Am.*, 2010-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d 87 (internal quotation marks and citation omitted). Res judicata applies when four elements are met: "(1) the parties must be the same or in privity, (2) the cause of action must be the same, (3) there must have been a final decision in the first suit, and (4) the first decision must have been on the merits." *Tafoya v. Morrison*, 2017-NMCA-025, ¶ 32, 389 P.3d 1098 (alteration, internal quotation marks, and citation omitted). We apply each of these requirements to this case in turn.

**{18}** First, we hold that White, as a candidate for Los Alamos County Sheriff, was in privity with both Vaughn and Lucero. "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same." *Fogelson v. Wallace*, 2017-NMCA-089, ¶ 26, 406 P.3d 1012 (internal quotation marks and citation omitted). Both Vaughn and Lucero were the elected sheriffs of Los Alamos County at the time they filed their lawsuits. They were thus successors to the same public office. *See* 18A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4458 (3d ed. 2021) ("[S]uccessors in office are bound to judgments against their predecessors."). As county sheriffs, they shared White's interest, as a candidate for that office, in protecting the authority of the sheriff and avoiding intrusion or restriction by the County Council. They shared White's interest as well in an adequate budget and staffing for the sheriff's office. *See Bounds v. Hamlett*, 2011-NMCA-078, ¶ 30, 150 N.M. 389, 258 P.3d 1181 (observing that in determining privity "[a] court must determine whether a party is so identified in interest with another that the party represents the same legal right" (internal quotation marks and citation omitted)). We see no distinction between the legal rights pursued by Vaughn and Lucero and those pursued by White. All three parties were therefore in privity.

**{19}** The second issue is whether White's cause of action is the same as that pursued in *Vaughn* and *Lucero*. Under New Mexico law, res judicata precludes the bringing of a subsequent lawsuit only if the causes of action in the two proceedings are the same. In determining whether causes of action are the same, New Mexico applies the "transactional approach." *Potter v. Pierce*, 2015-NMSC-002, ¶ 11, 342 P.3d 54. "The transactional approach considers all issues arising out of a common nucleus of operative facts as a single cause of action." *Id.* (internal quotation marks and citation omitted). "The facts comprising the common nucleus should be identified pragmatically, considering (1) how they are related in time, space, or origin[,] (2) whether, taken together, they form a convenient trial unit[,] and (3) whether their treatment as a single unit conforms to the parties' expectations or business understanding or usage." *Id.* (internal quotation marks and citation omitted). The question is whether the claims could reasonably be brought in a single action, not whether they are identical. *See Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 18, 122 NM 326, 924 P.2d 735. Finally, if circumstances, either of fact or of law, have changed since the first suit was brought, res judicata may not operate. *Bellet v. Grynberg*, 1992-NMSC-063, ¶ 14, 114 N.M. 690, 845 P.2d 784 ("[C]hanged circumstances may prevent res judicata from operating[.]"). Claims based on newly arising facts could not have been brought as part of the prior action, and therefore barring them is not consistent with the principles governing the doctrine of res judicata. As our Supreme Court observed in *Bellet*:

> The doctrine of res judicata was never intended to operate so as to prevent a reexamination of the same question between the same parties where, in the interval between the first and second actions, the facts have materially changed or new facts have occurred which may have altered the legal rights or relations of the litigants.

*Id.* (internal quotation marks and citation omitted).

**{20}** We begin our analysis of whether the two causes of action are the same by determining whether White's claims arise out of the same transaction complained of in *Vaughn*, the earlier of the two prior cases at issue here. Sheriff Vaughn claimed that Los Alamos County could not, either by adopting a Charter provision or by denying adequate funding, legally take away law enforcement or other duties assigned by state law to an elected county sheriff. White's attempt to distinguish his cause of action from the cause of action in *Vaughn* by focusing primarily on claimed state statutory violations, rather than violations of Article X, Section 5 of the New Mexico Constitution, does not avoid the bar of res judicata. The state statutes listed in White's complaint are not new. These statutes were enacted prior to Sheriff Vaughn's lawsuit. Some of these statutory claims were pleaded in *Vaughn*; the remainder could have been asserted in that case. *See Ford v. N.M. Dep't of Pub. Safety*, 1994-NMCA-154, ¶ 32, 119 N.M. 405, 891 P.2d 546 ("Claim preclusion does not depend upon whether the claims arising out of the same transaction were actually asserted in the original action, as long as they *could have been asserted*." (emphasis added)).

**{21}** To the extent White alleges that material changes in the operative facts and law since the decision in *Vaughn* make res judicata inapplicable, his complaint does not establish that there were any material changes. Moreover, these same alleged changes were asserted in *Lucero*, where they were found not to amount to a change in circumstances that avoided the bar of res judicata. White points to amendments to the County Charter adopted by the voters in 2010, which did not in any way limit the County's authority under Section 304.4. Any recent cutbacks in the sheriff's budget and personnel, although they might avoid the bar arising from *Vaughn* if indeed there were significant changes, were raised in *Lucero.* The district court in *Lucero* decided that res judicata applied. To the extent these changes were significant, it is settled law that when two actions are pending at the same time, as was true of this case and *Lucero*, the first action where judgment is entered by the court operates as res judicata and bars the second pending action from proceeding to judgment. *See Deflon*, 2006-NMSC-025, ¶ 2.

**{22}** It is common for litigants in lawsuits pending at the same time to avoid res judicata by consolidating the two lawsuits so they can be decided together. *Alba v. Hayden*, 2010-NMCA-037, ¶ 6, 148 N.M. 465, 237 P.3d 767 (Res judicata . . . only appl[ies] to successive litigation and not to issues or claims raised in the same proceeding."). Here, White specifically refused to consolidate the two cases. As a result, *Lucero* proceeded to judgment first and *Lucero*, therefore, bars any attempt in this case to litigate the validity of any new budget or personnel measures taken by the County between the decisions in *Vaughn* and *Lucero*.

**{23}** The third and fourth requirements of res judicata are that the first decision must have been final and must have been decided on its merits. *Vaughn* and *Lucero* plainly meet these requirements. The district court in *Lucero* addressed the current budget and personnel cuts, and entered an injunction prohibiting the County from cutting the sheriff's budget or personnel to a level where it interfered with the duties of the sheriff, other than peacekeeping duties. There is no requirement that the prior cases have been appealed for res judicata to apply. *Deflon*, 2006-NMSC-025, ¶ 2. The judgment in *Vaughn* was appealed, and voluntarily dismissed, and the *Lucero* case was appealed and affirmed.

**{24}** We, therefore, hold that the district court properly dismissed White's claims concerning the duties and authority of the County Sheriff and the funding of the sheriff's office as barred by res judicata.

## IV.    White's Open Meetings Act Claim

**{25}** White also appeals the dismissal of his claim of violation of the Open Meetings Act. The Open Meetings Act provides that an individual may file suit to enforce the Act in a district court "provided that the individual first provides written notice of the claimed violation to the public body and that the public body has denied or not acted on the claim within fifteen days of receiving it." Section 10-15-3(B). In its initial order, the district court alerted White to this requirement, and ruled that it would dismiss this claim unless White complied with these prerequisites and amended his complaint to plead

compliance within thirty days. White did not amend his complaint and the district court dismissed the Open Meetings Act claim. We agree with the district court that Section 10-15-3(B) imposes mandatory prerequisites to the filing of an Open Meetings Act claim. Because White failed to comply with these statutory requirements, the district court properly dismissed his claim.

## V.    White's Motion to Produce Authority

{26}    White also appeals the district court's denial of his motion to produce authority. White filed a post-decision motion requesting the "[district c]ourt and/or defense counsel to produce the authority" that allowed the district court "to dismiss his [petition for] injunction . . . with prejudice as opposed to dismissal without prejudice[.]" White also asked the district court to explain to him what dismissal with prejudice means. The district court properly denied White's motion because White produced no authority to support the relief requested. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We note that the district court's decision and order denying the motion to produce, and at the same time granting the County's motion to dismiss, explained the district court's ruling, including briefly describing the reason the dismissal was with prejudice.

## CONCLUSION

{27}    Finding no error, we affirm.

{28}    **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**I CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**BRIANA H. ZAMORA, Judge (specially concurring)**

**B. ZAMORA, Judge (specially concurring).**

{29}    I would affirm the district court's determination that Plaintiff lacked standing and that this case is moot. The district court found, with the exception of the Open Meetings Act claim, that Plaintiff lacked standing, stating that he "failed to show that he has suffered an injury in fact that is not shared in common with all citizens of Los Alamos[;]" "he is not within the zone of interests of any of the statutes alleged violated by the [p]etition[;]" and "the statutes alleged to be violated do not provide a private right of action[.]" I agree with the district court.

**{30}** Plaintiff's claims, outside of the Open Meetings Act claim, are moot. *See Gunaji*, 2001-NMSC-028, ¶ 9 (stating appellate courts do not generally decide moot cases.). Plaintiff did not hold the office of county sheriff when he filed his petition and is no longer a candidate for sheriff, thus, no actual controversy exists thereby precluding our ability to grant him relief should we rule in his favor. *See id.* ("A case is moot when no actual controversy exists and the court cannot grant actual relief." (internal quotation marks and citations omitted)).

**{31}** This Court may exercise its discretion to hear moot cases when presented with an issue "of substantial public interest" or when the issue is "capable of repetition, yet [would again] evade review." *Id.* ¶ 10. The majority opinion relies on the second exception to decide the merits of the County's appeal. The majority opinion opined that because White "may again become a candidate for County Sheriff, and because an appeal from the district court . . . is likely to again be moot" his claim is capable of repetition as it is "likely to arise again in New Mexico." *See id.* I disagree. First, whether a person may or may not be a candidate in some future election, is at best, speculative and should not trigger our discretion to review a moot case. *Cf. La Mesa Racetrack & Casino v. State Gaming Control Bd.*, 2012-NMCA-076, ¶ 20, 283 P.3d 886 (affirming the dismissal of a plaintiff's claim as moot because it was "completely speculative. . . whether the [plaintiff]'s racing license [would] be reinstated by the [New Mexico Racing Control] Board in the future"). Second, this case is not likely to evade review in a future case, as it has not evaded review previously. We have addressed the same issues raised in this appeal in *Lucero*, No. A-1-CA-37579, mem. op. ¶ 2. Similar to the majority opinion in this case, this Court in *Lucero*, concluded that the claims in the then sheriff's petition were barred under the doctrine of res judicata. *Id.* For the foregoing reasons, we should not exercise our discretion to decide this moot case. *See Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 9, 288 P.3d 902 (recognizing that appellate courts have discretion to hear moot cases involving a case that is "capable of repetition yet evading review." (internal quotation marks and citation omitted)). Accordingly, I would affirm the district court's findings that White lacked standing, that his claims are moot, and I would only proceed with analyzing the Open Meetings Act claim.

**BRIANA H. ZAMORA, Judge**